IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YONELL ALLUMS, | : | CIVIL ACTION NO. 1:25-CV-2283 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| WARDEN OF FCI-SCHUYLKILL, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Yonell Allums, argues that the United States Bureau of Prisons ("BOP") has improperly refused to apply time credits he has earned pursuant to the First Step Act ("FSA") towards time in prerelease custody. The petition will be dismissed without prejudice because Allums's request for habeas corpus relief is not ripe.

## I.    Factual Background & Procedural History

Allums is serving a 240-month prison sentence imposed by the United States District Court for the Southern District of New York. (Doc. 8-2 at 2). His projected release date via good conduct time is September 7, 2033. (Doc. 8-3 at 3). The BOP, however, has applied 365 days of FSA credits to his sentence, resulting in an earlier projected release date of September 7, 2032. (Id.)

Allums filed the instant petition on December 1, 2025. (Doc. 1). He asserts that he has earned a total of 1,245 days of FSA credit, and argues that because the BOP has only applied 365 days of these credits towards his sentence, he is entitled to have the remaining 880 days applied towards earlier placement in prerelease

custody. (Id.) Respondent responded to the petition on December 29, 2025, arguing that it should be dismissed because Allums failed to exhaust administrative remedies, his claim for relief is not yet ripe, and his claim fails on its merits. (Doc. 8). Allums filed a reply brief on January 14, 2026, making the petition ripe for review.

## II.    Discussion

Allums's petition will be dismissed without prejudice because it is not ripe. To be a justiciable claim under Article III of the Constitution, a claim must be ripe, i.e., not dependent on "contingent future events that may not occur as anticipated, or indeed may not occur at all." Trump v. New York, 592 U.S. 125, 131 (2020) (quoting Texas v. United States, 523 U.S. 296, 300 (1998)). A habeas corpus claim seeking a transfer to prerelease custody years before the petitioner is eligible for prerelease custody and before the BOP has conducted an assessment of whether he should be transferred to prerelease custody is not ripe. Porter-Bey v. Bledsoe, 456 F. App'x 109, 111 (3d Cir. 2012); Stanko v. Obama, 393 F. App'x 849, 851 (3d Cir. 2010).

Here, even if Allums were correct that an additional 880 days of FSA time credit should be credited towards earlier placement in prerelease custody, this would result in his release in early 2030, approximately four years from the present

2

date.[1] His claim will therefore be dismissed as unripe and the court will not consider respondent's exhaustion or merits arguments. See Porter-Bey, 456 F. App'x at 111; Stanko, 393 F. App'x at 851.

### III.   Conclusion

The petition for writ of habeas corpus is dismissed without prejudice as unripe. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:     March 19, 2026

---

[1] Allums asserts that if "the Bureau timely applied Petitioner's earned credits consistent with § 3632(d)(4) and controlling Department of Justice directives, Petitioner would have been eligible for prerelease custody no later than December 2024," but it is unclear how Allums arrives at this conclusion. The court has conducted its own calculation and determined that an additional 880 days of credit, if applied to Allums's sentence, would result in his release on or around April 11, 2030.